IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIMINAL NO.  1:22-336-SAG |
| | * | |
| ANNA GABRIELIAN and | * | |
| JAMIE LEE HENRY, | * | |
| | * | |
| Defendants. | | |

..........

**REPLY IN SUPPORT OF DR. GABRIELIAN'S MOTION TO DISMISS COUNTS CHARGING IDENTITY THEFT UNDER 18 U.S.C. § 1028(a)(7)**

Dr. Gabrielian has challenged the Government's boundless interpretation of 18 U.S.C. § 1028(a)(7), based on the *reasoning* behind the Supreme Court's interpretation of functionally identical language in 18 U.S.C. § 1028A. ("MTD"), ECF 175; *Dubin v. United States,* 599 U.S. 110 (2023). As the Court wrote in *Dubin,* "In deciding between the parties' readings, one limited and one near limitless, precent and prudence require a careful examination of  § 1028A(a)(1)'s text and structure." 599 U.S. at 118. That "careful examination" must begin with the rule of lenity.[1]

---

[1] *See United States v. Hilton,* 701 F.3d 959, 968 (4th Cir. 2013) ("[T]he rule of lenity requires that, '[w]hen a choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require Congress should have spoken in language that is clear and definite.'") (citing *WEC Carolina Energy Solutions LLC v. Miller*, 687 F.d3 199, 206 (4th Cir. 2012) (quoting *United States v. Universal C.I.T. Credit Corp.,* 344 U.S. 218, 221-22 (1952))).

*Dubin* held that in the context of § 1028A(a)(1), the phrases "in relation to" and "transfers, possesses, or uses" required that the transfer of a "means of identification" must be "at the crux of the underlying criminality." *Dubin*, 599 U.S. at 127. "In other words; the means of identification specifically" must be in some way "a key mover in the criminality." *Id*. at 122-23. Put still another way, the "means of identification" must play the (or maybe a) "central role" in the commission of the offense. *Id*. at 123.

Dr. Gabrielian noted that 1028(a)(7) has the identical "transfers, possesses, or uses" language, and argued that "there is no meaningful difference between §1028A's language "during and in relation to any felony violation," versus §1028(a)(7)'s language "with the intent to commit, or to aid or abet, or in connection with any unlawful activity . . . ." ECF 175 at 6. Critically, the Government's response did not attempt any distinction between the key phrases of the two statutes at issue here.

Instead, the Government argued that the title of 1028A ("Aggravated Identity Theft") was different than 1028's title, "Fraud and Related Activity in Connection with Identification Documents" and noted that the *Dubin* opinion mentioned an earlier opinion distinguishing between the titles of the two sections. ECF 177 at 3, *citing Dubin,* 599 U.S. at 121. However, the *Dubin* opinion did not suggest that 1028(A)'s title was dispositive—it was one part of the context for interpreting the operative statutory text.

The statutory titles here are not so different as the Government suggested. Section 1028(a)(7)'s title begins with "fraud and related activity." The title's emphasis on "fraud" is entirely consistent with the "crux" test. And section 1028(a)(7) was part

2

of the descriptively-named *Identity Theft and Assumption* Deterrence Act of 1998. Dr. Gabrielian argued that the legislative history of that Act revealed Congressional intent to target identity theft that resulted in financial harm to the victims. ECF 175 at 9-10. The Government did not dispute, or even address, that clear legislative history and intent, which confirms the applicability of *Dubin's* "crux" test.

The Government argued that the *Dubin* opinion relied in part 1028(A)'s two-year mandatory minimum, and also argued that transfer or use of means of identification are "closer to the crux of the underlying [HIPAA] offense than a waiter who uses a patron's name and credit card information to overbill for the food served." ECF 177 at 4. Both arguments miss the central point—disclosing IHII during a HIPAA misdemeanor is the same as disclosing a "means of identification" in a felony charge of 1028(a)(7) using HIPAA as a predicate. Under the Government's limitless construction, the felony is identical to, and swallows whole, the HIPAA misdemeanor predicate. The Government's interpretation would allow it to seek felony consequences without felony intent, overruling HIPAA's sentencing distinctions. Just as the Government's interpretation of 1028A failed to create meaningful differences in intent or conduct justifying a two-year minimum, the Government's interpretation of 1028(a)(7) makes no distinction in intent or conduct that would justify a five-year maximum for a HIPAA misdemeanor.[2]

---

[2] The Government argued that Dr. Gabrielian was "recklessly wrong" in arguing that 1028(a)(7) would swallow every HIPAA misdemeanor, because some HIPAA violations may not satisfy the jurisdictional hook of "in or affecting interstate commerce." ECF 177 at 5-6. The Government's argument highlights how its interpretation of 1028(a)(7) allows for prosecutive creativity and "collapses the

3

The Government complained about Dr. Gabrielian's extensive quotations from the oral argument in *Dubin*. ECF 177 at 3-4. It is sad that the Government needed to find citations or support for the idea that "oral argument has any probative value." Smart reasoning always has probative value, regardless of where it comes from. Rejecting *Dubin's* oral argument as not probative, the Government did not deign to address serious concerns and observations from Supreme Court justices about the scope and interpretation of 1028(a)(7).

Those concerns included how the Government's interpretation violated the federalism canon of statutory construction, and potentially rendered the statute void for vagueness. Dr. Gabrielian made those arguments in support of her motion to dismiss. ECF 175 at 11-15. The Government did not address them.

Finally, in a single sentence, the Government suggested that even if the Court applies the *Dubin* "crux" test, that would "be a question of fact for the jury, as opposed to some defect in the indictment warranting dismissal." ECF 177 at 4. The Government ignored its obligation to allege facts sufficient to meet *Dubin's* "crux" test. *See United States v. Demasi,* No. 22-20870, 2023 WL 6701998 (E.D. Mi. Oct. 12, 2023); *United States v. Percell*, No. CR 22-259, 2023 WL 5538026 (E.D. Pa. Aug. 27, 2023); *United States v. Jones,* No. 23-09 2023 WL 4672383 (E.D. Va. July 20,

---

enhancement into the enhanced." *Dubin*, 599 U.S. at 128. According to the Government, the difference between a five-year felony and a Class A misdemeanor is whether Dr. Gabrielian's mobile hotspot in Maryland pinged a cell tower in Alexandria Virginia, rather than a cell tower in Bethesda.

20233)(all analyzing whether indictments sufficiently alleged "crux" test; denying motions to dismiss because the charges met the "crux" test).

Further, the identity theft counts here incorporated paragraphs 1-6 and 8-14 of the conspiracy count, articulating enough facts to demonstrate that Dr. Gabrielian's conduct did not meet the "crux" test. Dr. Gabrielian's motion demonstrated that her conduct did not meet *Dubin's* "crux" test. ECF 175 at 10-11. The Government did not respond on the merits.

## CONCLUSION

For the reasons stated, the Court should dismiss Counts 10 and 11 of the Second Superseding Indictment.

Respectfully submitted,

SCHERTLER ONORATO MEAD & SEARS, LLP

/s/ *Christopher Mead*
Christopher Mead, Bar No. 08661
Noah Cherry, PRO HAC VICE
555 Thirteen Street, NW
Suite 500 West
Washington, DC 20004
Telephone: (202) 628-4199
Facsimile: (202) 628-4177
cmead@schertlerlaw.com
ncherry@schertlerlaw.com

*Counsel for Anna Gabrielian*


/s/ *David I. Schoen*
David I. Schoen, Bar No. 28554
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
Telephone: (334) 395-6611; (917) 941-7952
Facsimile: (917) 591-7586
Schoenlawfirm@gmail.com

*Counsel for Jamie Lee Henry*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November 2023, a true and correct copy of the foregoing was electronically filed and served on all counsel through ECF.


/s/ *Christopher B. Mead*